United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

BLUESTONE INVESTMENT INC., et al.,

Plaintiffs,

v.

QIZHONG HU, et al.,

Defendants.

Case No. 25-cv-05396-LB

**DISCOVERY ORDER**

Re: ECF No. 103

This action arises from an alleged fraudulent investment scheme centered on a purported partnership between Patten University and Stanford University. Plaintiffs Bluestone Investment Inc., World Education Association, Inc. (WEAI), Irene Chan, and Lishan Zhang claim that they were induced to invest over $35 million through forged documents, misrepresentations, and fictitious entities orchestrated by Defendant Qizhong Hu (Hu or QZ) and aided by the other defendants, including Guizhong Tan, who allegedly assisted plaintiff Chan with forming WEAI and whom the defendants claim is the sole manager of WEIA.[1] The plaintiffs allege that Mr. Tan is not a real person.[2] The claims are securities fraud, in violation of federal and state law, fraud

[1] Compl. – ECF No. 1 at 22–23 (¶ 49); Tan Decl. – ECF No. 43-3 at 1–2 (¶¶ 1, 5). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1 at 25–26 (¶52).

(including on theories of aiding and abetting and conspiracy), breach of contract, receiving stolen property, conversion, and negligence.

The parties have discovery disputes. The plaintiffs seek to depose Mr. Tan and for the defendants to produce banking information for QZ and Jingling Li (Interrogatory No. 4 and Request for Production Nos. 16, 17, 38, and 39) and the computers used by QZ during the relevant period for forensic inspection (Request for Inspection No. 2).[3] The defendants assert that (1) they do not have to present Mr. Tan for a deposition because their counsel does not represent him, his testifying might implicate his Fifth Amendment right against self-incrimination, and as a non-party, the plaintiffs must serve him with a deposition subpoena; (2) all discovery should be placed on hold until the issue of the identity of plaintiff Irene Chan is resolved (asserting that the plaintiff's real name is Yuting Chen); and (3) the court "must address how Defendants' discovery answers and responses will not jeopardize their constitutional rights given Plaintiffs' allegations of criminal misconduct."[4] The plaintiffs counter that a subpoena is unnecessary for Mr. Tan because he is, according to the defendants, an officer, director, or managing agent of both defendant Patten Holding and plaintiff WEAI.

The court orders the discovery.

Rule 26 establishes the bounds of civil discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b). "The relevance standard is extremely broad, especially in civil-rights excessive-force cases." *James v. Hayward Police Dep't*, No. 13-cv-01092-SI, 2017 WL 2437346, at *1 (N.D. Cal. Feb. 27, 2017) (cleaned up).

---

[3] Disc. Letter Br. – ECF No. 103.

[4] *Id.* at 3–6.

The defendants previously proffered that Mr. Tan would be made available for an in-person deposition before February 1, 2026, and the court ordered that "the deposition should happen as promised in January."[5] The defendants' arguments do not change this. That Mr. Tan's testimony may implicate his Fifth Amendment rights does not prevent his deposition. The defendants also may not hold Mr. Tan out as an officer of WEIA and Patten Holding yet withhold his deposition for lack of a subpoena.[6] *Cadent Ltd. V. 3M Unitek Corp.*, 232 F.R.D. 625, 627 n.1 (C.D. Cal. 2005) ("Under Rule 30(b)(1), it is well recognized that if the corporation is a party, the notice compels it to produce any officer, director or managing agent named in the deposition notice. It is not necessary to subpoena such individual." (cleaned up)).

For the banking information and forensic examination of computers, the defendants have not argued relevance or burden, and any potential issue with the plaintiffs' use of a pseudonym is not relevant to this dispute.[7] If the defendants wish to assert their Fifth Amendment rights against self-incrimination, they must affirmatively do so rather than rely on the court to make their arguments for them. *Salinas v. Texas*, 570 U.S. 178, 181 (2013) ("It has long been settled that the privilege generally is not self-executing and that a witness who desires its protection must claim it.").

The defendants must produce Mr. Tan for a deposition before February 1, 2026, or risk conceding that he is not a real person. The court orders the discovery requested by the plaintiffs in Interrogatory No. 4, Request for Production Nos. 16, 17, 38, and 39, and Request for Inspection No. 2. The parties should update the court by January 26, 2026, if they would like to keep the January 29 hearing on calendar or if the court should vacate it.

**IT IS SO ORDERED.**

Dated: January 23, 2026

LAUREL BEELER
United States Magistrate Judge

---

[5] Order – ECF No. 96.

[6] Disc. Letter Br. – ECF No. 103 at 3.

[7] *Id.* at 5–6.