# EXHIBIT 1

**Protocol for Forensic Analysis**

This protocol (the "Protocol") is entered into by and between Plaintiffs Bluestone Investment Inc., World Education Association, Inc., Lishan Zhang, and Irene Chan (collectively, "Plaintiffs") and Defendants Qizhong Hu ("QZ"), Jingling Li, and Patten Holding LLC (collectively, "Defendants") as the parties' agreed upon protocol for the forensic inspection of certain devices belonging to QZ responsive to Plaintiffs' Request for Inspection No. 2 and ordered by the Court's January 23, 2026 Discovery Order (Dkt. 105).

1. The parties have agreed that the following devices will be submitted for inspection (collectively, the "Data Sources"):

   - Any computer or tablet used by QZ since January 1, 2018.

2. The parties have agreed that QZ's chosen digital forensic firm of [DEFENDANTS' VENDOR FULL NAME] ("DEFENDANTS' VENDOR SHORT NAME") will conduct an inspection and imaging of the above-identified Data Sources.

3. QZ agrees that he, through DEFENDANTS' VENDOR, will deliver complete sets of all information imaged from the Data Sources to Lighthouse Global ("Lighthouse"), which is Plaintiffs' chosen digital forensic firm. QZ further agrees that this transfer of digitally stored information to Lighthouse shall take place within five (5) days of DEFENDANTS' VENDOR notifying the parties that its inspection and imaging required under Paragraph Two (2), above, has been completed.

4. Lighthouse will then review all data and information provided by DEFENDANTS' VENDOR for evidence relevant to the claims and defenses in this litigation. Lighthouse's review of the electronically stored data provided by DEFENDANTS' VENDOR may include, but is not limited to, conducting keyword searches, using forensic data recovery techniques, examining certain operating system and application artifacts, and analyzing the date and time stamps associated with relevant files.

5. In order to adequately protect and prevent unnecessary disclosure of information otherwise irrelevant to the claims or defenses in this litigation, and to safeguard rights of privacy, attorney work product, and/or attorney-client privilege protections, Lighthouse will first provide any data, artifacts, reports or other documentation derived from the examination to counsel for QZ for prompt review. QZ may designate this information or material under the Stipulated Protective Order (Dkt. 80) in this action (the "Protective Order") and the parties expressly agree that production, use, and/or disclosure of forensic information will be governed by the Protective Order. Within seven days of receiving such information, counsel for QZ shall prepare and produce a privilege log and a relevance log which fully complies with applicable law identifying that information which counsel maintains is subject to the attorney-client privilege or work product doctrine, or is otherwise not subject to disclosure (including, without limitation, the file name, date, author/sender, recipient, subject matter, and basis for the claim of privilege, work product, or irrelevance/privacy). Counsel for QZ shall clear for release any information not included on the privilege and

relevance log. Until cleared for release, Lighthouse shall not share any information or findings with Plaintiffs or their counsel. To the extent information is logged and withheld on grounds of relevance or privacy, the parties shall meet and confer and submit any disputes, along with the withheld information, to the Court, together with a motion or application for an order sealing the record, including the withheld information that is the subject of the parties' dispute.

6. If counsel cannot agree on any disputes related to the execution of this Protocol, including without limitation the scope of Data Sources subject to forensic preservation and examination, such disputes shall be brought before the Court as soon as possible.

7. Evidence obtained during this examination is not necessarily admissible and the parties retain all rights to object to the admission of the evidence on grounds of immateriality or any other ground, subject to later resolution in the due course.

8. The parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product protection with respect to any collected data or any other act performed by Lighthouse, DEFENDANTS' VENDOR, or any attorney in connection with this Protocol. The parties further agree that inadvertent production of documents or information subject to any applicable privilege does not waive such applicable privilege or protection, provided a request for return of such documents or information is made promptly upon learning of such inadvertent production, as provided for in the Protective Order.

Each of the parties to this Protocol acknowledges and agrees that its counsel identified below is authorized to enter into this Agreement on its behalf.

SO AGREED:

Dated:

_/s/_________________________
James D. Judah
Quinn Emanuel Urquhart & Sullivan, LLP
Attorneys for Plaintiffs

Dated:

____________________________

William G. Stripp
Attorney at Law
Attorneys for Defendants

Dated: