United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BLUESTONE INVESTMENT INC., et al., | Case No. 25-cv-05396-LB |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | Re: ECF Nos. 130, 132, & 134 |
| QIZHONG HU, et al., | |
| Defendants. | |

**INTRODUCTION**

This lawsuit involves an alleged fraudulent investment scheme centered on a purported partnership between Patten University and Stanford University. The plaintiffs allege that they were induced to invest over $35 million in a scheme orchestrated by Defendant Qizhong Hu (Hu or QZ) and aided by the other defendants.[1] There are two discovery issues: (1) in ECF Nos. 130 and 134, documents responsive to the plaintiffs' subpoena but withheld by former defense counsel Nixon Peabody LLP on the ground of attorney-client privilege and work product, and (2) in ECF No. 132, the defendants' failure to comply with the court's earlier discovery orders to establish a forensic protocol, respond to interrogatories, identify Cheng Li's devices, and produce Cheng Li for a

---

[1] Compl. – ECF No. 1 at 22–23 (¶ 49); Tan Decl. – ECF No. 43-3 at 1–2 (¶¶ 1, 5). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-05396-LB

deposition.[2] For the first dispute, Nixon Peabody defers to the defendants on the assertion of attorney-client privilege, asserts the attorney work-product doctrine for fifty-three documents, and is amenable to an in camera review. The plaintiffs contend that the crime-fraud exception applies to any assertions of privilege. The defendants did not respond to either discovery dispute or multiple efforts by the plaintiffs' counsel to meet and confer.[3] The defendants have seven days to respond to the assertions of attorney-client or will be deemed to waive the privilege. Counsel must confer on a process for any in camera review of work product. The court previously ordered the discovery in ECF No. 132. The defendants must respond within seven days to ECF No. 132 or may face sanctions if they fail to do so.[4]

## GOVERNING LAW

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

---

[2] Order – ECF No. 125.

[3] Disc. Letter Brs. – ECF Nos. 130, 132, & 134.

[4] Disc. Letter Br. – ECF No. 132 at 2.

United States District Court
Northern District of California

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at \*2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Under Rule 26(b), the court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

The Ninth Circuit has defined the relevant standard for determining privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (cleaned up).

"[The] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." *Id.* In other words, "[t]he party asserting the privilege bears the burden of proving each essential element" of the attorney-client-privilege test. *Id.* at 608. "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.*

A party seeking production of otherwise privileged documents under the crime-fraud exception must satisfy a two-part test must show (1) "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme," and (2) the attorney-client communications are "sufficiently related to" and were made "in furtherance of [the] intended, or present, continuing illegality." There is no requirement that a law firm have knowledge of the crime or fraud for the crime-fraud exception to apply. *In re Grand Jury Proceedings*, 87 F.3d 377, 381–83 (9th Cir. 1996) (cleaned up).

"The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559,

United States District Court
Northern District of California

567 (9th Cir. 2011) (cleaned up). The party asserting work-product protection has the burden of establishing that the work-product doctrine applies to the document or tangible thing in question. *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 WL 831539, at *2 (N.D. Cal. Feb. 23, 2015).

"For work product, protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (cleaned up). This may occur where "a party discloses protected information to a third party who is not bound to maintain its confidence, or otherwise shows disregard for the protection by making the information public." *Great Am. Assur. Co. v. Liberty Surplus Ins. Co.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (cleaned up) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 719, 720 n.4, 722 n.6 (9th Cir. 2003)).

Under Fed. R. Civ. P. 26(b)(5)(A)(ii), a party must describe withheld documents to allow privilege assessment, typically via a privilege log. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015); *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

## ANALYSIS

### 1. Privilege and Work Product

In ECF Nos. 130 and 134, the plaintiffs seek to compel production of around three hundred documents that former defense counsel Nixon Peabody LLP withheld on the basis of attorney-client privilege and attorney work product. The plaintiffs contend that the crime-fraud exception applies because QZ engaged Nixon Peabody to interact with Stanford University in furtherance of the same fraudulent scheme alleged in the complaint. Nixon Peabody defers to its former clients on the attorney-client privilege but maintains its work-product objection as to fifty-three documents and does not oppose in camera review. The defendants have not objected to the production of the discovery. If they do not object to production of the withheld documents within seven days on the basis of privilege, then they have waived any objection. If they object, the parties must thereafter file a joint letter addressing next steps, including proposals for an in camera review.

Second, as to Nixon Peabody's work-product objections, the court asks counsel to confer on a process for the fifty-three documents. Nixon Peabody has not weighed in on the crime-fraud exception either. The defendants' failure to participate in the process has not helped, either.

### 2. Discovery in ECF No. 132

In ECF No. 132, the plaintiffs seek an order compelling compliance with the court's February 20, 2026, discovery order (ECF No. 125), which the QZ defendants have refused to comply with by invoking blanket Fifth Amendment objections to all interrogatories and document requests — including on behalf of the corporate defendant Patten Holding LLC — and by failing to implement the forensic protocol, produce Cheng Li for deposition, or identify QZ's computers and tablets. The defendants have compounded the issues by failing to participate in the required letter-brief process or by responding to the plaintiffs' document requests. Under the circumstances, if the defendants fail to respond fully within seven days to the letter brief at ECF No. 132, all objections are waived. Their response must be filed and may not exceed two pages. Within four days thereafter, the plaintiffs may reply in two pages that includes their proposed next steps.

The defendants risk sanctions if they refuse to participate in the process, including the attorney's fees that the plaintiffs have incurred in moving to compel discovery.

### CONCLUSION

This resolves ECF Nos. 130, 132, and 134. It may be that formal motions to compel by the plaintiffs are a more efficient way of addressing these disputes.

**IT IS SO ORDERED.**

Dated: April 7, 2026

LAUREL BEELER
United States Magistrate Judge