United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BLUESTONE INVESTMENT INC., et al.,<br>Plaintiffs,<br>v.<br>QIZHONG HU, et al.,<br>Defendants. | Case No. 25-cv-05396-LB<br><br>**DISCOVERY ORDER**<br>Re: ECF Nos. 138, 140 |

The parties have discovery disputes. The court ordered the defendants to use the plaintiffs' proposed forensic protocol (filed January 26, 2026), produce Cheng Li for deposition by March 3, 2026, and provide discovery responses (interrogatories 1–9 and requests for production 14, 18, 22, 40–43 and including the identification of devices) by February 26, 2026.[1] On March 18, 2026, the plaintiffs filed a letter brief requesting that Nixon Peabody LLP (the defendants' former counsel) produce 303 challenged documents on their privilege log.[2] Nixon Peabody deferred to its former clients on attorney-client privilege but maintained its work-product objection as to fifty-three documents.[3]

[1] Order – ECF No. 125.

[2] Disc. Letter Br. – ECF No. 130.

[3] Disc. Letter Br. – ECF No. 134.

On March 22, 2026, the plaintiffs filed a letter brief (the defendants refused to follow the court's required joint process), raising the defendants' failing to comply with the court's order.[4] The court ordered that the defendants fully respond to the letter brief at ECF No. 132 and to object to the production of Nixon Peabody's documents on the basis of attorney-client privilege within seven days or all objections would be waived.[5] The defendants filed a response.[6] The plaintiffs reply that the response does not fully respond to the letter brief and that the court should deem all objections waived.[7] The court agrees.

The analysis is simple: The court ordered the defendants to respond to the issues identified in the plaintiffs' letter briefs at ECF No. 130 and 132 or that objections to the requested discovery would be waived. Instead of doing that, the defendants stood on their previous, deficient responses and implied that the plaintiffs are using discovery to commit "federal crimes."[8] The defendants' response in no way addresses their failure to (1) identify their forensic vendor or execute the forensic protocol, (2) identify all computers and tablets used by Qizhong Hu (QZ) since January 1, 2018, (3) explain by affidavit Cheng Li's unavailability for a deposition, (4) address the inapplicability of the Fifth Amendment privilege against self-incrimination to a corporate entity, or (5) assert attorney-client privilege over the documents with Nixon Peabody. Thus, the defendants have waived attorney-client privilege for the 303 documents that the plaintiffs seek from Nixon Peabody and any objections to the discovery requested in ECF No. 132.

The court orders that by April 27, 2026, the defendants must (1) identify their digital forensic vendor and execute the forensic protocol, (2) provide a confirmed deposition date for Cheng Li for no later than Friday, May 1, 2026, (3) provide complete responses to all court-ordered discovery on behalf of Patten Holding LLC, (4) provide a verification from defendant Jingling Li of her

---

[4] Disc. Letter Br. – ECF No. 132. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[5] Order – ECF No. 136 at 5.

[6] Opp'n – ECF No. 138.

[7] Reply – ECF No. 140.

[8] Opp'n – ECF No. 138.

interrogatory and RFP responses, and (5) identify all computers and tablets used by QZ since January 1, 2018. Any objections on the basis of attorney-client privilege to the production of the 303 documents sought from Nixon Peabody are waived. If the defendants fail to comply with this order, the plaintiffs may move for sanctions.

**IT IS SO ORDERED.**

Dated: April 21, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California