United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

BLUESTONE INVESTMENT INC., et al.,

Plaintiffs,

v.

QIZHONG HU, et al.,

Defendants.

Case No. 25-cv-05396-LB

**ORDER ADDRESSING ATTORNEY WORK PRODUCT**

Re: ECF No. 162

The plaintiffs and Nixon Peabody LLP (the defendants' former counsel) dispute whether fifty-three documents (five emails and one attachment after duplicates were removed) are protected as attorney work product.[1] The parties agreed to the court's reviewing the documents in camera.[2] The court determines that work-product protection does not apply.

"The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). "The work-product doctrine covers documents or the compilation of materials prepared by

[1] The court previously determined that the defendants have waived attorney-client privilege over the communications in the documents at issue. Order – ECF No. 136 at 4; Order – ECF No. 144 at 2–3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 154; Order – ECF No. 159.

agents of the attorney in preparation for litigation." *Id.* (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975)). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *Id.* (quoting *United States v. Torf (In re Grand Jury Subpoena)*, 357 F.3d 900, 907 (9th Cir. 2004)). "In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the 'because of' test is used." *Id.* at 567–68 (quoting *Torf*, 357 F.3d at 907). "Dual purpose documents are deemed prepared because of litigation if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *Id.* at 568 (quoting *Torf*, 357 F.3d at 907). "In applying the 'because of' standard, courts must consider the totality of the circumstances and determine whether the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.'" *Id.* (quoting *Torf*, 357 F.3d at 908).

The party asserting work-product protection has the burden of establishing that the work-product doctrine applies to the document or tangible thing in question. *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 WL 831539, at *2 (N.D. Cal. Feb. 23, 2015) (citing *Skynet Elec. Co. Ltd. v. Flextronics Int'l, Ltd.*, No. C 12–06317 WHA, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 13, 2013)).

Nixon Peabody asserts that its emails and attachment are protected as attorney work product under Cal. Civ. Proc. Code § 2018.030, which bars discovery of "an attorney's impressions, conclusions, opinions, or legal research or theories" and allows discovery of any other work product if "discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice."[3] The issue is that federal procedural rules apply in federal court. *Ward v. Certain Underwriters at Lloyd's of London*, No. C 18-07551 WHA, 2019 WL 4738244, at *4 (N.D. Cal. Sep. 27, 2019) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

[3] Disc. Letter Br. – ECF No. 134 at 1.

United States District Court
Northern District of California

1097, 1102–03 (9th Cir. 2003)). Under federal law, attorney work product is protected if it was created in anticipation of litigation.

Here, none of the documents that Nixon Peabody seeks to protect appear to have been created in anticipation of litigation but were instead aimed at facilitating the partnership between Patten and Stanford. There is no indication that the documents would not have been created in substantially similar form but for the prospect of litigation.

## CONCLUSION

The emails and attachment are not entitled to work-product protection, and Nixon Peabody must produce them.

**IT IS SO ORDERED.**

Dated: June 24, 2026

LAUREL BEELER
United States Magistrate Judge