United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BLUESTONE INVESTMENT INC., et al., Plaintiffs, v. QIZHONG HU, et al., Defendants. | Case No. 25-cv-05396-LB **ORDER IMPOSING SANCTIONS** Re: ECF No. 195 |

**INTRODUCTION**

Plaintiffs Bluestone Investment Inc., World Education Association, Inc. (WEAI), Irene Chan, and Lishan Zhang allege that defendants Qizhong Hu, his mother Jingling Li, and Patten Holding LLC defrauded them of more than $35 million that they invested in a purported college venture.[1] The plaintiffs move for terminating sanctions under Federal Rule of Civil Procedure 37(b)(2) and the court's inherent authority, or alternatively for evidentiary sanctions, on two grounds: the defendants (1) supported their motion to dismiss with two false declarations and (2) have not complied with the court's discovery orders.[2] The defendants do not dispute the facts. They

[1] Compl. – ECF No. 1 at 12–17 (¶¶ 33–42), 20–26 (¶¶ 47–52), 37–40 (¶¶ 80–85). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 195 at 2–3.

United States District Court
Northern District of California

respond that the plaintiffs are agents of the People's Republic of China, that the individual defendants have invoked the Fifth Amendment, and that they will not "assist the People's Republic of China to gain access to information" through discovery.[3]

The court grants the motion. The defendants willfully disobeyed five discovery orders, they have told the court that they will not comply, and the plaintiffs contend that no lesser sanction will produce the discovery or cure the prejudice. Under Rule 37(b)(2)(A), the court could impose terminating sanctions by striking the defendants' answer, dismissing their counterclaims with prejudice, and entering their default on liability (allowing the plaintiffs to prove their damages by a noticed motion for default judgment). That said, while the court warned about sanctions previously, it identified only general sanctions and attorney's fees, not terminating sanctions.[4] The court thus denies the motion for terminating sanctions without prejudice and grants the following relief: (1) It is established for this action that the plaintiffs own and control Bluestone and WEAI and are authorized to sue in their names. (2) The defendants may not offer any document that they did not produce or testimony from Cheng Li. (3) The plaintiffs must file their brief on adverse inferences and their fee declaration by October 15, and the defendants may respond within seven days after that. (4) The defendants must comply fully with the order at ECF No. 159 by October 8, 2026. If they do not, the court will strike their answer, dismiss their counterclaims, and enter their default without further warning. If that happens, then the court will allow the plaintiffs to file a motion for default judgment with evidence of their damages and any request for expenses under Rule 37(b)(2)(C). Any opposition will be limited to the amount of damages and expenses.

## STATEMENT

### 1. The Declarations

In September 2025, the defendants (then represented by Nixon Peabody LLP) moved to dismiss, contending in part that Patten Holding owns and controls Bluestone and WEAI and that

---

[3] Opp'n – ECF No. 198 at 4–7.

[4] Order – ECF No. 136 at 5.

the plaintiffs thus cannot sue in those entities' names.[5] They supported the motion with two declarations dated September 3, 2025.[6] The court reserved the control dispute for discovery because it was "too intertwined with the merits facts about fraud" to resolve on the pleadings.[7]

Guizhong Tan declared that he is WEAI's "sole manager," with authority to execute its contracts, open and close its bank accounts, hire and supervise its employees, and represent it in legal matters, and that he is familiar with its records, operations, and legal disputes. He authenticated a stock ledger showing WEAI as a wholly owned subsidiary of Patten Holding and a letter that he said he sent to the plaintiffs' counsel, which was transmitted from the email address service@weaca.org.[8]

Tan, who is Li's husband, was deposed through an interpreter on January 29, 2026.[9] He testified that (1) he does not know WEAI's ownership structure and is not familiar with Patten Holding, (2) he is not responsible for WEAI's legal matters, is not authorized to execute its contracts, and has no power over its bank accounts or hiring, (3) he first learned about this lawsuit in November or December 2025, at least two months after the date on his declaration, (4) he does not recognize the service@weaca.org address, and (5) he has not emailed anyone about the lawsuit.[10] Other evidence shows that Hu uses that address.[11]

The second declarant, Cheng Li, declared that he is Bluestone's president, chief executive officer, and a director.[12] But Hu later swore that Cheng Li "ended any association he had with Bluestone Investment, Inc. in December 2024" (about nine months before the declaration) and that

---

[5] Mot. to Dismiss – ECF No. 43 at 10–12.

[6] Tan Decl. – ECF No. 43-3; Cheng Li Decl. – ECF No. 43-1.

[7] Order – ECF No. 67 at 9.

[8] Tan Decl. – ECF No. 43-3 at 1–3 (¶¶ 1–2, 5–6, 11); Stock Ledger & Letter, Exs. C & I to *id.* – ECF No. 43-4.

[9] Tan Dep., Ex. 1 to Derrick Decl. – ECF No. 195-1 at 4, 6, 31 (pp. 1, 3, 28:16–19).

[10] *Id.* at 56–57 (pp. 53:25–54:3), 63 (p. 60:22–24), 66–67 (pp. 63:8–64:7), 71 (p. 68:8–13, :22–25), 77 (p. 74:19–25), 80–81 (pp. 77:19–78:3), 124 (p. 121:9–17).

[11] Arzio Decl., Ex. 6 to Pls.' Disc. Report – ECF No. 95 at 56–57 (¶ 9); Chan Decl. – ECF No. 54-2 at 2 (¶¶ 3–6).

[12] Cheng Li Decl. – ECF No. 43-1 at 1 (¶ 1).

he does not know where Cheng Li is.[13] The email that Cheng Li purportedly sent to the plaintiffs' counsel demanding dismissal came from iloveyale@gmail.com. The Bluestone stock-purchase agreement designates that address for notices to Jingling Li, and her counsel now gives it as her contact address.[14]

**2. The Discovery Orders**

From January to June 2026, the court issued five orders compelling discovery from the defendants. On January 23, it ordered them to produce Tan for deposition, produce banking records, and submit Hu's computers for forensic inspection.[15] They produced Tan and did nothing else.[16] On February 20, the court adopted a forensic protocol, ordered Cheng Li's deposition by March 3, and ordered complete discovery responses by February 26.[17] The defendants filed a notice that they would not produce Cheng Li, and all three (including Patten Holding, through Hu) answered every interrogatory and document request by invoking the Fifth Amendment.[18]

On April 7, the court warned that the defendants "risk sanctions if they refuse to participate in the process" and that their objections would be waived if they did not respond within seven days.[19] They responded with an affidavit from Hu accusing Chan of espionage.[20] On April 21, the court held that the defendants had waived privilege over 303 documents and ordered five things by April 27: identification of a forensic vendor and execution of the protocol, a deposition date for Cheng Li, complete responses from Patten Holding, Li's verification of her responses, and

[13] Hu Aff. – ECF No. 148 at 1–2 (¶¶ 3–7).

[14] Stock Purchase Agreement, Ex. 1 to Zhang Decl. – ECF No. 54-1 at 20 (§ 11.2); Email, Ex. I to Cheng Li Decl. – ECF No. 43-2 at 21; Mot. to Withdraw – ECF No. 187 at 1.

[15] Order – ECF No. 104 at 3.

[16] Disc. Letter Br. – ECF No. 115 at 1–3.

[17] Order – ECF No. 125 at 2.

[18] Notice – ECF No. 127; Suppl. Resps. – ECF No. 132-1.

[19] Order – ECF No. 136 at 5.

[20] Resp. – ECF No. 138; Hu Aff. – ECF No. 138-1.

identification of Hu's devices.[21] The court also held that Patten Holding, as an entity, has no Fifth Amendment privilege.[22] The defendants did none of it and instead moved for a protective order.[23]

On June 4, the court denied that motion, held the defendants' objections waived, and ordered them to produce eleven categories of documents (including bank records and documents about the plaintiffs' funds and about the ownership and control of Bluestone and WEAI), permit forensic inspection of Hu's phones and email and WeChat accounts, and correct their witness disclosures.[24] The defendants produced nothing. Their counsel did not respond to the plaintiffs' requests to meet and confer in August and did not contribute to the last discovery letter.[25] On September 3, he moved to withdraw.[26]

**3. The Motion and the Response**

The plaintiffs moved for sanctions on September 10, 2026. The defendants' response does not address the content of the declarations or the discovery orders, and it offers no evidence. It contends that the plaintiffs moved money out of China unlawfully or with the Chinese government's approval, that their lawyers have not disclosed who pays them, and that discovery could be used for propaganda or espionage. It asks for judicial notice of unrelated federal prosecutions. And it states that defense counsel "is not going to be involved in anything that could be viewed as violating the laws of the United States" and that the defendants "are not going to assist the People's Republic of China to gain access to information."[27] It adds that Tan is a real person who testified truthfully and whose declaration prior counsel prepared in English, that the

[21] Order – ECF No. 144 at 2–3.

[22] Order – ECF No. 146 at 2.

[23] Mot. for Protective Order – ECF No. 150; Disc. Letter Br. – ECF No. 152 at 1.

[24] Order – ECF No. 159 at 1, 5–6.

[25] Disc. Letter Br. – ECF No. 165 at 2–3.

[26] Mots. to Withdraw – ECF Nos. 186–188.

[27] Opp'n – ECF No. 198 at 2–5, 7.

United States District Court
Northern District of California

defendants cannot find Cheng Li, that Hu and Li have invoked the Fifth Amendment, and that Patten Holding "is attempting to identify the appropriate person" to respond to discovery.[28]

**GOVERNING LAW**

When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to ensure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999). "The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000).

**1. The Court's Inherent Authority**

Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Sanctions are available under the court's inherent power if preceded by the court's "find[ing] bad faith or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

**2. Terminating Sanctions**

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe. . . . Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (cleaned up). A party suffers sufficient prejudice to warrant case-dispositive sanctions

[28] *Id.* at 4, 6. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636. Consents – ECF Nos. 9, 21, 24, 29, 39–40. The court can decide the sanctions motion without oral argument. Civil L.R. 7-1(b).

where the disobedient party's actions "impair the [other party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (cleaned up).

Before ordering a terminating sanction, a court must warn the defendant and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" in other circumstances "the failure to warn may place the district court's order in serious jeopardy." *Id.* "Failure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal." *Id.* (cleaned up).

### 3. Rule 16(f)

Rule 16(f) authorizes the issuance of "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(viii)," against a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Among the "just orders" specified in Rule 37(b)(2)(A)(ii)–(viii) is an order striking pleadings in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii); *see Salvador v. Live At Home Care Connection, Inc.*, No. 5:18-CV-07159-EJD, 2021 WL 9217145, at *2 (N.D. Cal. Feb. 16, 2021). The court "must order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

## ANALYSIS

Rule 37(b)(2)(A) authorizes sanctions against a party that "fails to obey an order to provide or permit discovery," including striking pleadings, dismissing claims, and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v)–(vi). The court also has inherent authority to terminate a case "when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J.*

*Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Under either source, a default requires willfulness, bad faith, or fault, and the court considers five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition on the merits, and (5) the availability of less drastic sanctions. *Conn. Gen.*, 482 F.3d at 1096; *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). The factors are "a way to think about what to do, not a set of conditions precedent for sanctions." *Conn. Gen.*, 482 F.3d at 1096.

**1. Willfulness, Bad Faith, or Fault**

Disobedient conduct that is within the litigant's control establishes willfulness, bad faith, or fault. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). The defendants' conduct meets that standard. Five orders required specific discovery by specific dates. The defendants complied with one item (Tan's deposition) and no other. They did not ask for relief until the fourth order's deadline, and when the court denied relief, they stopped participating. Their response to this motion removes any doubt: except as to Cheng Li, it does not claim that they cannot comply. It says that they will not.

Each defendant is responsible. The orders ran against all three, all three served the blanket Fifth Amendment responses, Li did not verify her responses as ordered, Hu signed for Patten Holding, and all three join the response.

**2. The Declarations**

The declarations confirm the bad faith and bear on the prejudice. The court need not decide who drafted them or how they were signed: Tan was not asked about his declaration at his deposition, and the defendants attribute its preparation to prior counsel. What the unrebutted record shows is enough. Tan's declaration attests to authority that he testified he does not have and to WEAI's ownership by an entity that he does not know. It is dated at least two months before he learned of the lawsuit. And the letter that it says he sent came from an address that he does not recognize and that Hu uses. Cheng Li's declaration describes a role at Bluestone that, by Hu's

sworn account, had ended nine months earlier, and his demand letter came from Li's email address. Both declarations were offered on a central contested issue: who controls the entity plaintiffs.

The defendants are the people who can explain these facts. They have answered with the Fifth Amendment and by refusing the forensic inspection that would test them. In a civil case, the court may draw an adverse inference from a party's invocation of the privilege when independent evidence supports the fact at issue. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 911–12 (9th Cir. 2008). There is independent evidence here, and the court infers that the defendants knew that the declarations were false in the respects identified when they offered them. The court would impose the same sanction for the discovery violations alone.

**3. The Five Factors**

The first two factors favor default. The defendants' noncompliance has consumed eight months, five orders, and repeated letter briefs, and the case cannot move.

The third factor, prejudice, strongly favors default. Prejudice exists when a party's conduct impairs the opponent's ability to go to trial or threatens to interfere with the rightful decision of the case, and the failure to produce documents as ordered is sufficient. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The plaintiffs have no bank records from the defendants, no forensic inspection, and no documents in any of the eleven ordered categories. Those categories are the case: where the plaintiffs' money went and who controls Bluestone and WEAI. And when a party's conduct makes it "impossible for a court to be confident that the parties will ever have access to the true facts," that concern is the most important consideration. *Conn. Gen.*, 482 F.3d at 1097 (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998)). The declarations make that concern concrete.

The fourth factor weighs against default, as it always does, but it "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (cleaned up).

United States District Court
Northern District of California

The fifth factor favors default. The court considered and tried lesser measures: successive deadlines, a warning that the defendants risked sanctions, an order deeming their objections waived, and an order deeming their privilege waived. None produced a document. The alternatives that the plaintiffs propose would not cure the prejudice. An order precluding the defendants' evidence does not give the plaintiffs the bank records and communications that they need for their own case. Monetary sanctions will not move defendants who say that they cannot pay their own lawyer.[29] The court's warning did not name default, but an explicit warning is not always required, and the motion itself gave notice of the sanction sought. *Valley Eng'rs*, 158 F.3d at 1057. The defendants answered that notice by confirming that they will not comply. It is "appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." *Anheuser-Busch*, 69 F.3d at 352.

**4. The Defendants' Arguments**

The defendants' arguments do not excuse the noncompliance.

First, no evidence supports the contention that the plaintiffs or their counsel act for a foreign government or that the discovery would aid espionage. The plaintiffs' counsel declares that the firm receives no third-party funding.[30] The stipulated protective order limits discovery material to use in this litigation.[31] The court denied the defendants' motion for a protective order, and a party that disagrees with a discovery order must comply or seek relief, not disregard it. The request for judicial notice of other prosecutions is denied because they are irrelevant.

Second, the Fifth Amendment does not excuse the noncompliance. Patten Holding has no privilege. *Braswell v. United States*, 487 U.S. 99, 104–10 (1988). Hu and Li may assert the privilege in response to particular questions or requests, but a blanket assertion is improper. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263–65 (9th Cir. 2000). The court overruled the

[29] Mots. to Withdraw – ECF Nos. 186–188.

[30] Derrick Reply Decl. – ECF No. 203-1 at 2 (¶ 5).

[31] Stipulated Protective Order – ECF No. 80.

blanket assertion and deemed the defendants' objections waived, and they never made a particularized claim.[32] The sanction is for disobeying the orders that followed, not for invoking the privilege.

Third, the defendants say that they cannot find Cheng Li and that the law does not compel the impossible. A party's inability to comply, if not its own fault, can preclude a terminating sanction. *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958). But the defendants offered Cheng Li's declaration as Bluestone's chief executive nine months after, by Hu's account, he left the company, and they do not explain how they obtained it. In any event, the point excuses at most one item in five orders.

Fourth, Patten Holding says that it is still trying to identify someone to respond to discovery. It has been a party for more than a year, Hu signed its discovery responses, and Hu has agreed to accept service for it.[33] That is not a justification.

The remaining points (that Tan exists and Chan uses another name) do not bear on whether the declarations were true or the orders were obeyed.

**5. Remedy**

A possible remedy now would be to strike the defendants' answer and dismiss their counterclaims with prejudice and then to direct the clerk to enter the defendants' default. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v)–(vi).[34] The default establishes the well-pleaded allegations about liability but not the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The step thereafter would be for the plaintiffs to prove their damages by a noticed motion for default judgment, including a request for reasonable expenses, including attorney's fees caused by the defendants' failure to obey the discovery orders. Fed. R. Civ. P. 55(b)(2).

---

[32] Orders – ECF Nos. 136 at 5, 146 at 2, 159 at 1.

[33] Suppl. Resps. – ECF No. 132-1; Mot. to Withdraw – ECF No. 188 at 1.

[34] Answer & Countercls. – ECF No. 78.

United States District Court
Northern District of California

The defendants' violations are willful, and four factors favor default. But default is the most severe sanction, and the fifth factor asks whether the court has tried lesser sanctions and warned that a terminating sanction would follow. *Conn. Gen.*, 482 F.3d at 1096. The court's earlier warning referred to sanctions and attorney's fees and did not name default. And the court has not yet imposed the issue and evidentiary sanctions that Rule 37(b)(2)(A)(i)–(ii) authorizes. The court imposes them now and gives a final warning.

First, under Rule 37(b)(2)(A)(i), it is established for this action that the plaintiffs own and control Bluestone and WEAI and are authorized to sue in their names, and the defendants may not contend otherwise. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705–09 (1982). The sanction fits the violation: the defendants put control at issue with declarations that were false and then withheld the discovery on that subject.

Second, under Rule 37(b)(2)(A)(ii), the defendants may not offer, in support of their defenses or counterclaims, any document that they did not produce or testimony from Cheng Li.

Third, the trier of fact may draw adverse inferences from Hu's and Li's invocations of the Fifth Amendment where independent evidence supports the fact. *Nationwide*, 541 F.3d at 911–12. By October 15, 2026, the plaintiffs must file a brief of no more than five pages proposing the specific inferences and identifying the independent evidence. The defendants may respond within seven days after that.

Fourth, the defendants must pay the plaintiffs' reasonable expenses, including attorney's fees, caused by the failure to obey the discovery orders. Fed. R. Civ. P. 37(b)(2)(C). The plaintiffs must file a fee declaration within fourteen days.

Fifth, the defendants must comply fully with the June 4 order (ECF No. 159) by October 8, 2026. If they do not, the court will strike their answer, dismiss their counterclaims, and enter their default without further warning.

**CONCLUSION**

The court denies the motion for terminating sanctions without prejudice and grants the alternative motion as follows. (1) It is established for this action that the plaintiffs own and control

Bluestone and WEAI and are authorized to sue in their names. (2) The defendants may not offer any document that they did not produce or testimony from Cheng Li. (3) The plaintiffs must file their brief on adverse inferences and their fee declaration by October 15, 2026, within fourteen days, and the defendants may respond within seven days after that. (4) The defendants must comply fully with the order at ECF No. 159 by October 8, 2026. If they do not, the court will strike their answer, dismiss their counterclaims, and enter their default without further warning. If that happens, then the court will allow the plaintiffs to file a motion for default judgment, with evidence of their damages, a proposed judgment, and any request for expenses under Rule 37(b)(2)(C). Any opposition, limited to the amount of damages and expenses, is due fourteen days after the motion is filed.

The plaintiffs must file an update about the defendants' compliance with point 4 by October 9, 2026, and, if relevant, identify their timeline for filing a default-judgment motion. Any request by the defendants for more time must be filed by October 8, 2026, and must be supported by a declaration from each defendant describing what that defendant has produced and what remains.

This resolves ECF No. 195.

**IT IS SO ORDERED.**

Dated: October 2, 2026

LAUREL BEELER
United States Magistrate Judge