United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

BLUESTONE INVESTMENT INC., et al.,

Plaintiffs,

v.

QIZHONG HU, et al.,

Defendants.

Case No. 25-cv-05396-LB

**ORDER STRKING ANSWER, DISMISSING COUNTERCLAIMS, AND FOR ENTRY OF DEFAULT**

## STATEMENT

The sanctions order gave the Hu defendants a last chance to comply with the June 4 discovery order (ECF No. 159) by October 8, 2026, and warned that noncompliance would result in the court's striking their answer, dismissing any counterclaims, and entering their default without further warning.[1] The deadline passed. The defendants produced nothing, filed no request for an extension, and submitted no declarations describing what remained to be done.[2] The plaintiffs ask the court to enter default now and to set a schedule for a motion for default judgment that resolves damages, Rule 37(b)(2)(C) expenses, and attorney's fees in one proceeding.

---

[1] Order – ECF No. 206 at 13. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Pls.' Update – ECF No. 209 at 2.

The court does so. It strikes the remaining defendants' answer, dismisses any counterclaims they have filed, and directs the Clerk to enter their default under Rule 55(a). The deadlines set in ECF No. 206 for the plaintiffs' adverse-inference brief and fee declaration are vacated, without prejudice to the plaintiffs' relying on the inferences the court has authorized (to the extent they bear on damages). The plaintiffs will file their motion for default judgment by October 20, 2026, the defendants' opposition is due November 3, 2026, and the reply is due November 6, 2026.[3] The provisional withdrawal of Mr. Stripp takes effect as set forth below. Patten Holding LLC's obligation to retain substitute counsel by November 9, 2026, remains in force.

## STATEMENT

The court assumes familiarity with the sanctions order and the withdrawal order and recounts only what bears on today's rulings.[4]

### 1. The June 4 Discovery Order and the Sanctions Order

On June 4, 2026, the court ordered the Hu defendants to (1) produce documents responsive to Requests for Production Nos. 1–13, 15–17, 20–21, and 23–39, (2) permit inspection of Qizhong Hu's phones, WeChat accounts, and email accounts; and (3) supplement their Rule 26 disclosures with correct witness contact information.[5] The defendants produced nothing in response.[6]

On October 2, 2026, the court denied terminating sanctions without prejudice, imposed issue and evidentiary sanctions, and ordered full compliance with ECF No. 159 by October 8, 2026. The order permitted the defendants to request additional time by that date, but required a declaration from each defendant describing what had been produced and what remained.[7] The order further warned that if the defendants "do not comply fully or seek additional time by the deadline, the

[3] Pls. Update – ECF No. 209 at 2–3 (proposing this schedule).

[4] Orders – ECF Nos. 206–07.

[5] Order – ECF No. 159 at 1–6.

[6] Order – ECF No. 206 at 5, 8.

[7] *Id.* at 13.

United States District Court
Northern District of California

court will strike their answer, dismiss their counterclaims, and enter their default without further warning."[8]

**2. Counsel's Provisional Withdrawal**

The same day, the court provisionally granted the motions to withdraw filed by Mr. Stripp as counsel for Qizhong Hu, Jingling Li, and Patten Holding LLC. Withdrawal was to take effect no earlier than October 9, 2026, and only after Mr. Stripp (1) served the sanctions order and the withdrawal order on each client by October 5, 2026, and (2) filed proof of service.[9] The individual defendants Hu and Li were to represent themselves upon filing substitution notices. Patten Holding LLC was given until November 9, 2026, to appear through new counsel.[10]

The order stated that "[u]ntil [the court's final] order, [Mr. Stripp] remains counsel of record for all purposes, including the October 8 compliance deadline." [11] After October 2, Mr. Stripp filed a reply in support of his withdrawal motion and a disclosure of a February 2023 wire transfer.[12]

**3. The Plaintiffs' October 9 Update**

On October 9, 2026, the plaintiffs filed an update reporting that the defendants did not comply with any portion of ECF No. 159 by the October 8 deadline, did not contact the plaintiffs about compliance, and did not file a request for additional time.[13] The plaintiffs propose that default be entered now and that the court set a briefing schedule for a motion for default judgment: motion to be filed by October 20, 2026, an opposition limited to damages and expenses to be filed by

---

[8] *Id.* (cleaned up).

[9] Order – ECF No. 207 at 1–2, 6.

[10] *Id.* at 6–7.

[11] *Id.* at 6 (cleaned up).

[12] Reply – ECF No. 208; Disclosure of Transfer of Funds – ECF No. 211 at 1. The filings do not affect the compliance deadline that the defendants missed. The sanctions order was directed at the clients, not counsel.

[13] Pls.' Update – ECF No. 209 at 2.

United States District Court
Northern District of California

November 3, 2026, and a reply by November 6, 2026.[14] The plaintiffs also ask the court to vacate the October 15 deadlines for an adverse-inference brief and a fee declaration.[15]

## ANALYSIS

### 1. Entry of Default

Rule 37(b)(2)(A) authorizes a court to strike pleadings in whole or in part and to render a default judgment against a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). The Ninth Circuit's five-factor test for terminating sanctions balances (1) the public's interest in expeditious resolution, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.[16] The sanctions order already made the required findings on factors (1)–(4) and imposed less drastic sanctions before giving the defendants a final opportunity to comply.[17]

The remaining question is whether the fifth factor is satisfied now. It is. The court has used progressively stronger measures as set forth in its earlier order. The defendants responded to the final warning by producing nothing, requesting nothing, and declaring nothing. The sanctions order itself held that if that occurred, default would follow "without further warning." No lesser measure remains.

The court therefore strikes the answer, dismisses any counterclaims,[18] and directs the Clerk to enter default against Qizhong Hu, Jingling Li, and Patten Holding LLC under Rule 55(a). Damages must be proved via the plaintiffs' motion for default judgment.[19]

---

[14] *Id.* at 2–3.

[15] *Id.* at 3.

[16] *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

[17] Order – ECF No. 206 at 11–13.

[18] Answer & Countercls. – ECF No. 78 at 22–23 (asserting counterclaims against plaintiff Irene Chan for conversion and civil theft).

[19] *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam). After reviewing the motion and any opposition, the court may decide the motion without oral argument. Civil L.R. 7-1(b).

United States District Court
Northern District of California

The sanctions order set October 15, 2026, as the deadline for the plaintiffs' adverse-inference brief and fee declaration. The deadline is vacated, without prejudice to the plaintiffs' relying on the inferences the court has authorized (to the extent they bear on damages) in their default-judgment motion. The motion is due October 20, 2026, the opposition is due November 3, 2026, and the reply is due November 6, 2026.

**4. Effective Date of Counsel's Withdrawal**

ECF No. 207 made Mr. Stripp's withdrawal provisional upon his service of orders on the defendants by mail and email and his filing proof of service.[20] He has satisfied those requirements and his withdrawal is effective.[21] The court's earlier conditions remain in replace, including that Mr. Stripp must continue to accept service for the individual defendants (Mr. Hu and Ms. Li) until they appear via the required substitution forms, and he must accept service of all papers for Patent Holding LLC until it appears through new counsel. The addresses and emails are in the court's earlier order.[22] Mr. Stripp must serve the defendants with this order and all future filings as required by the conditions.

**CONCLUSION**

The Hu defendants' answer is stricken. Any counterclaims filed by the Hu defendants are dismissed. The Clerk is directed to enter default against Qizhong Hu, Jingling Li, and Patten Holding LLC under Rule 55(a). The briefing deadlines for the default-judgment motion are motion due October 20, 2026, opposition due November 3, 2026, and reply due November 6, 2026.

**IT IS SO ORDERED.**

Dated: October 15, 2026

LAUREL BEELER
United States Magistrate Judge

[20] Order – ECF No. 207 at 6; Cert. of Serv. – ECF No. 210.

[21] Cert. of Serv. – ECF No. 210 (filed October 9, 2026).

[22] Order – ECF No. 207 at 6–7.